Per Curiam.

The words “ upon request ” read in context with the other language contained in the Automatic Premium Loans provision of the policy create an ambiguity, which construed strictly against the insurance company as we are bound to, did not confer upon the company the right to make the premium loan without a request therefor from the insured or someone on his behalf.
However, under the “ Options on Lapse ” provision of the policy the company would have been required to continue the policy in force as extended term insurance until December 9, 1953, which would have provided the longest possible coverage for the insured and his assignee had the loan not been made. In view of the fact that the insured died on December 6, 1954, almost one year after the longest possible term, and since after December 9, 1953 the policy had no cash surrender value, plaintiff, in face of his failure to elect an option on lapse and his failure to demand the net cash value of the policy prior to the commencement of this suit, failed to prove that he sustained any damages.
Consequently he was not entitled to the cash surrender value as of the date when the automatic loan provision was invoked by the company to pay the premium even though the cash surrender value was thereby diminished by the amount of the loan. Under the circumstances, no damages having been sustained by plaintiff, it was error to award him judgment.
The judgment should be reversed, without costs, and complaint dismissed.
Hofstadteb, Steueb and Hecht, JJ., concur.
Judgment reversed, etc.